UNITED STATES DISTRICT COURT
District of Massachusetts (Springfield)

IN RE Bennett et al          CASE #: 3:04-cv-30158-MAP

Debtor.
Mark Bennett and Angela Bennett
Chapter 13
Appellant,

v.

Trustee,
Richard King

Appeal from the United States Bankruptcy Court
for the District Western of Massachusetts

The matter before the Court is the question of whether this Court has jurisdiction to hear the appeal[1] which appeal was filed 4 days late by debtor/appellant's counsel and if this appeal should be allowed to be heard by this Court.

BACKGROUND

On April 16, 2003 the bankruptcy court ordered debtor's counsel to file a fee application in the bankruptcy court, which was filed on April 30, 2003. The hearing was held on July 22, 2003. On July 22, 2003 the bankruptcy court took under advisement the fee application of debtor's counsel. On June 10, 2004 the bankruptcy court issued a Memorandum of Decision/Order regarding the fee application of debtor's counsel. On June 24, 2004 debtor's counsel filed an appeal of the June 10, 2004

---

[1] 06/10/2004  92  Memorandum of Decision Dated June 10, 2004 Regarding [47] First Application for Compensation filed by Attorney Francis Lafayette and [55] Case Management Order dated June 24, 2003.

orders.   Election of Appeal to Proceed to District Court was also filed on June 24, 2004.   On June 29, 2004 the bankruptcy court, Judge Boroff, dismissed the pending appeal of debtor's counsel on grounds that the appeal was filed untimely and therefore there was a want of jurisdiction.   On June 30, 2004 Debtor's counsel filed motion to reconsider and to allow late filing of appeal on grounds of excusable neglect (Fed. R. Bank. P. 8002(c)).   On July 8, 2004 the bankruptcy court, Judge Boroff, denied the motion for reconsideration and to allow late filing of appeal on grounds of excusable neglect.   On July 17, 2004 the appellant filed a notice of appeal of the order denying reconsideration and late filing of appeal.

On August 18, 2004, this court entered a Bankruptcy Scheduling Order that the Appellant Brief is due by September 9, 2004.

## I. ISSUE ON APPEAL

The issue on appeal is whether the bankruptcy court abused its discretion in denying the Debtor's motion to allow late filing of a notice of appeal pursuant to the excusable neglect provision of Fed. R. Bankr. P. 8002(c)(2).

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court has jurisdiction to decide this appeal. A final order of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1).   For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."   Midland Asphalt

<u>Corp. v. United States</u>, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted).  "An order denying a motion for extension of time to file a notice of appeal pursuant to Fed. R. Bankr. P. 8002(c)(2) is a final order." <u>Belfance v. Black River Petroleum, Inc.</u> (<u>In re Hess</u>), 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997).

The bankruptcy court's denial of the debtor's counsel's "motion for reconsideration and to allow late filing of appeal is reviewed for abuse of discretion." <u>Id</u>. (citing <u>Baker v. Raulie</u>, 879 F.2d 1396, 1399 (6th Cir. 1989) and <u>Marsh v. Richardson</u>, 873 F.2d 129, 130 (6th Cir. 1989)).  "A court has abused its discretion if the reviewing court has a definite and firm conviction that the lower court committed a clear error of judgment in the conclusion that it reached based on all of the appropriate factors."

> "The meaning of 'excusable neglect' is a question of law, the resolution of which is subject to de novo review." <u>In re Hess, 209 B.R. at 80</u> (citation omitted).  "De novo review requires the Panel to review questions of law independent of the bankruptcy court's determination."  <u>First Union Mortgage Corp. v. Eubanks</u> (In re Eubanks), 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998) (citation omitted).

This court should evaluate debtor's counsel's late filing against several factors, including: (1) whether granting the delay will prejudice the appeal; (2) the length of the four (4) day delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; (4) whether the person appealing acted in good faith and whether the failure to timely file the

appeal resulted from negligence, indifference or culpable neglect.

### III. FACTS

The facts of this case are undisputed.  Francis Lafayette filed a notice of appeal on June 24, 2004 four days after the 10-day appeal period expired.  The bankruptcy court entered an order dismissing the appeal as untimely.

Because the Debtor's counsel's motion was filed outside of the 10-day appeal period, the Debtor's counsel was required to demonstrate that the untimeliness of his motion was due to excusable neglect pursuant to Fed. R. Bankr. P. 8002(c)(2).  In support of his excusable neglect argument, the Debtor's counsel explained to the bankruptcy court that debtor's counsel was hospitalized at the Wing Memorial Hospital, Palmer, Massachusetts on May 3, 2003 in a critical diabetic condition.  This condition required constant transfusions of insulin.  Upon release from the hospital medication was prescribed by debtor's counsel's attending physician which was suppose to control the diabetic condition.  Following the admission to the hospital debtor's counsel faithfully took the prescribed medication, however, on June 24, 2004 debtor's counsel attending physician doubled the strength of the diabetic medication as the original prescription was not sufficient to control debtor's counsel diabetic condition; i.e. tiredness or weakness, numbness or tingling in hands or feet and blurred vision were some of the effects of the diabetic condition then being experienced by debtor's counsel.

See Attached Exhibit "A".

In addition debtor's counsel was diagnosed on June 3, 2004 by a second medical doctor of having a condition of "polyneuropathy" which renders debtor counsel unable to walk more than 200 feet without assistance.  Supporting medical documentation was attached to the memorandum.  The attorney was seriously ill during the appeal period at issue. See Attached Exhibit "B".

## DISCUSSION

The time for filing a notice of appeal is set forth in Fed. R. Bankr. P. 8002, which requires that the notice of appeal be filed within ten days after the date the order is entered. Fed. R. Bankr. P. 8002(a).  Rule 8002 "is strictly construed and requires strict compliance," and the failure to timely file a notice of appeal is "a jurisdictional defect barring appellate review." Deyhimy v. Rupp (In re Herwit, 970 F.2d 709, 710 (10th Cir. 1992).  The rule goes on the provide an exception on grounds of excusable neglect.  The appellant requests this Court to apply doctrine of excusable neglect here, for two medical reasons.

Federal Rule of Bankruptcy Procedure 8002(a) provides that a notice of appeal "shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."  The 10-day appeal period may be extended, however, under certain conditions as set forth in Bankruptcy Rule 8002(c)(2), which provides:

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time

for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later. Fed. R. Bankr. P. 8002(c)(2). The Debtor's counsel relies on the "excusable neglect" language creating an exception to the appeal limitations period.

Although "'excusable neglect' is not defined by the Bankruptcy Rules, the concept has been appropriately characterized as the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." Gilbert v. Suburban Athletic Club (In re Dayton Circuit Courts #2), 85 B.R. 51, 54 (Bankr. S.D. Ohio 1988) (citing In re Kelly Lyn Franchise Co., Inc., 26 B.R. 441, 448 (Bankr. M.D. Tenn.), aff'd. 33 B.R. 112 (M.D. Tenn. 1983), and In re Digby, 29 B.R. 658 (Bankr. N.D. Ohio 1983)). A determination of excusable neglect involves a two-part analysis: first, the bankruptcy court must determine that the failure to timely file was the result of neglect. Second, the court must determine whether the neglect was excusable. "The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to esp[ecially] through carelessness.'" Pioneer, 507 U.S. at 388 (quoting Webster's Ninth New Collegiate Dictionary 791 (1983) (emphasis in original)). Clearly, the Debtor's attorney's failure to timely file a notice of appeal or an extension of the time to appeal constitutes

neglect.  The issue is therefore whether that neglect is
excusable.

Regarding the "excusable" inquiry, as the Supreme Court
declared in <u>Pioneer</u>

> "[T]he determination is at bottom an equitable one, taking
> account of all relevant circumstances surrounding the
> party's omission. These include . . . the danger of
> prejudice to the [nonmovant], the length of the delay and
> its potential impact on judicial proceedings, the reason for
> the delay, including whether it was within the reasonable
> control of the movant, and whether the movant acted in good
> faith.    507 U.S. at 395. Although the Pioneer Court was
> considering the excusable neglect provision of Bankruptcy
> Rule 9006(b)(1), this Court, citing Sixth Circuit
> unpublished opinions, has determined that the Pioneer
> standard of excusable neglect applies to Bankruptcy Rule
> 8002(c) as well. <u>In re Hess</u>, 209 B.R. at 82 (citations
> omitted).

Most courts addressing the issue in the context of this Rule
have focused on the reason for the delay. Courts have determined
that excusable neglect includes disability or illness of counsel.
<u>See</u>, <u>e.g.</u>, <u>In re Mizisin</u>, 165 B.R. at 835 (citing <u>Evans v. Jones</u>,
366 F.2d 772 (4th Cir. 1966)).  Because of the severity of the
illness at issue the facts of this case present the situation in
which the attorney is seriously ill.  <u>See Active Glass Corp. v.</u>
<u>Architectural and Ornamental Iron Workers Local Union 580</u>, 899 F.
Supp. 1228 (S.D. N.Y. 1995) (applying Fed. R. App. P. 4(a)(5),
court determined that attorney's unexpected cancer and resulting
illness constitutes excusable neglect).  The <u>Active Glass Court</u>,
899 F. Supp. at 1231, also cited <u>Islamic Republic of Iran v.</u>
<u>Boeing Co.</u>, 739 F.2d 464, 465 (9th Cir. 1984) (illness involved
diarrhea, vomiting, and a five-pound weight loss over 36 hours),
and <u>J.P. Fyfe, Inc. v. Bradco Supply Corp.</u>, 96 B.R. 479, 483-484

(D. N.J. 1989) (counsel "had taken medication for her illness, and was too ill to speak . . . on the telephone").

There was no finding by the bankruptcy court that the circumstances were "within the reasonable control of the movant." Pioneer, 507 U.S. at 395. There is nothing in the bankruptcy court's opinion to indicate that the failure to timely appeal was a part of a pattern of delay by debtor's counsel. Any impact of a 4 day delay on judicial proceedings caused by extending the appeal time would be slight.

The bankruptcy court's denial of the motion to late file the appeal did not consider the impact of the recent diagnosis of diabetes (coupled with an incorrect dosage of medication) and a painful condition of polyneuropathy had upon the attorney's ability to focus timely upon this appeal, nor did that court's finding take into account the reality that the order appealed from was mailed on a Thursday although not received until a few days later, acknowledging the time required for receipt of the order by mail, he had less than ten days to focus upon the order and the need for appeal. The extraordinary medical circumstances presented in this case required that this motion allowing late filing of the appeal by 4 days be granted.

The bankruptcy court's decision, under the circumstances presented herein, is unreasonable. Debtor's counsel suggests that there is a bankruptcy court committed a clear error of judgment. This court can find upon the facts presented that the bankruptcy court abused its discretion in denying the Debtor's

motion to late file the appeal based on excusable neglect.

The bankruptcy court placed its emphasis on the fact that the Debtor's attorney was filing documents during the appeal period.[2] The equitable determination of excusable neglect turns upon a recognition that, notwithstanding his law practice obligations, this attorney's preoccupation with his two illnesses was the undisputed cause for his neglect in timely filing the appeal. That neglect was excusable in this case.

### V. CONCLUSION

The facts and circumstances presented in this case show that the bankruptcy court abused its discretion in determining that the Debtor's failure to timely file the appeal and request to late file appeal was attributable to excusable neglect. The concept has been appropriately characterized as the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the debtor's counsel whose duty it was to perform."

The debtor's counsel respectfully requests this Court to

---

[2]    The bankruptcy judge based his denial on a review of the records of the clerk's office 83 pleadings were electronically filed, five of which were new bankruptcy cases and appeared on June 16, 2004 in five (5) separate hearings.  The debtor's counsel employs several certificate paralegals who have been trained by the bankruptcy court to electronically file documents. Additionally many of the documents are prepared in advance.  Finely the memorandum of decision dated June 10 is a 45 page decision which in and of itself required over 6 hours to read and digest same. Additional the bankruptcy court did not offer a show cause hearing on the taking of judicial notice of debtor's counseling filings.

reverse the bankruptcy court's order denying the Debtor's motion

for reconsideration and to allow late filing of appeal.

Respectfully Submitted

Francis Lafayette, J. D.
1024 Park Street
Post Office Box 1020
Palmer, MA 01069
(413) 283-7785

Certificate of Service

I, Francis Lafayette, J. D., certify that I caused a copy of
the foregoing motion to be served upon the parties shown below by
mailing a copy of the same, postage prepaid, first class mail to:

Denise M. Pappalardo        UNITED STATES TRUSTEE
Chapter 13 Trustee          446 Main Street
Denholm Building            14th Floor
P. O. Box 16607             WORCESTER, MA 01608
Worcester, MA 01601

Francis Lafayette, J. D.

# EXHIBIT "A"



# *Wing Memorial*
## Hospital and Medical Centers
A Member of
**UMass Memorial Health Care**

## FOLLOW UP TO YOUR RECENT DIAGNOSTIC TESTS OR RECENT PROCEDURE(S)

DATE: 6 – 24-04

PATIENT: Francis Lafayette          MR# _____

**LAB TEST RESULTS:**          **X-RAY RESULTS:**          **MAMMOGRAM:**          **PAP SMEAR:**

Prostate cancer screening test normal)
Diabetes control Not good –
Not, not surprising, will
recheck in several months

## BASED ON THIS INFORMATION:

☐ **NO FURTHER TESTS ARE REQUIRED AT THIS TIME**
☐ **STAY ON YOUR CURRENT MEDICATION**
☐ **CHANGE YOUR MEDICATION AS INDICATED:** _____

☐ **ARRANGE FOR THE FOLOWING:** _____

**SINCERELY:**

_Theresa Jones_ _____ MD

**WING MEDICAL CENTER AT:**

☐ BELCHERTOWN, tel. 323-5118 fax: 323-6158
  20 Daniel Shays Highway, Belchertown, MA 01007
☐ LUDLOW, tel. 589-0583 fax: 583-5239
  34 Hubbard Street, Ludlow, MA 01056
☑ MONSON, tel. 267-9101 fax: 267-4606
  2 Main Street, Monson, MA 01057

☐ PALMER, tel. 284-5400 fax: 284-5194
  40 Wright Street, Palmer, MA 01069
☐ WILBRAHAM, tel. 596-3455 fax: 596-2961
  2344 Boston Road, Wilbraham, MA 01095
☐ Griswold Center, tel. 284-5285 fax: 284-5384
  40 Wright St., Palmer, MA 01069

*This information is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, transmission, re-transmission, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender.*
750-1014 11/03

01027

# EXHIBIT "B"

## TO BE COMPLETED BY HEALTH CARE PROVIDER

CLINICAL DIAGNOSIS: *Polyneuropathy* _____ (Required)

DURATION (circle one):   Temporary   (Permanent)
        If temporary, please state # of months _____

PLEASE CHECK *ALL* THAT APPLY:

✓ ___ Unable to walk 200 feet without assistance (clinical diagnosis **MUST** be completed)

___ Legally Blind* (Cert. Of Blindness may substitute for professional certification) (*automatic loss of license)

_____ Chronic Lung Disease
      Please state FEV1 Test results _____ O2 saturation with minimal exertion _____
      Use of Portable Oxygen?   Yes _____      No ___

_____ Cardiovascular Disease
      AHA Functional Classification (circle one):   I      II      III      IV*
                                                    (*automatic loss of license)
_____ Arthritis (please state type, severity, and location) _____
      _____

_____ Loss of or permanent loss of use of a limb
      Description of functional disability _____
      _____

## HEALTHCARE PROVIDER *MUST* CHECK ONE:

In my professional opinion and to a reasonable degree of medical certainty:

☑ The above condition, or any other medical condition of which I am aware, **WILL NOT IMPAIR** the safe
   *operation of a motor vehicle*.
☐ The person applying for this permit is *NOT* medically qualified to operate a motor vehicle safely.
☐ The medical condition as stated above is of such severity as to require a **COMPETENCY ROAD TEST**.

CERTIFICATION: (Please Print)

_____ Michael R. Sorrell, M.D. _____                    56495
Healthcare Provider's Name        300 Carew Street, Suite 2    Title    _____
Address        Springfield, Massachusetts 01104                        Mass Board of Registration. #

413-781-5050                    _____                6 - 3 -04
Telephone Number                                               _____
Healthcare Provider's Signature                                Date

-2-

M20060-0902